IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JHEN SCUTELLA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:25-CV-251 |
| | ) |
| **DETECTIVE JOSEPH CAMBRA, et al,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM ORDER**

Presently pending before this Court is Plaintiff's "Motion for Immediate Injunctive Relief." ECF No. 5.

The entirety of Plaintiff's motion reads:

> "Some time [sic] in June of 2025 Detective Uplinger and Joesph [sic] Cambra illegal [sic] obtained a warrant and confiscated my phone at the Erie County Courthouse[.] Since then all charges have been withdrawn and the phone has not been returned[.] I have attempted to contact Det. Cambra multiple times and left voice messages and have not received a response, I humbly ask the courts to intervene and force [D]etective Cambra to return the property or to pay for another phone."

*Id.*

Preliminary injunctive relief is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.* at 153. *See also Mazurek v. Armstrong*, 520

U.S. 968, 972 (1997) ("It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.") (emphasis in original).

Plaintiff's sparse argument is not sufficient to carry the burden of persuasion as to any of the factors necessary for the Court to grant preliminary injunctive relief.

AND NOW, this 15th day of August 2025;

IT IS ORDERED that Plaintiff's "Motion for Immediate Injunctive Relief" [ECF No. 5] is denied without prejudice.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge